**UNITED STATES of America,**

v.

**Harry Virgil McCLENDON, Ronald Jones, Defendants.**

**Crim. No. 77–275.**

United States District Court,
W. D. Pennsylvania.

Aug. 16, 1978.

Judith K. Giltenboth, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

George Schumacher, Federal Public Defender, Pittsburgh, Pa., for Jones.

James A. Villanova, Pittsburgh, Pa., for McClendon.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

On March 13, 1978, defendants Ronald James Jones and Harry Virgil McClendon were convicted in this Court of using the United States Mails to defraud an insurance company. At trial the government placed United States Postal Inspector Russell Siano on the stand who testified to a conversation he had with a Dr. Walter Rongas, in which Dr. Rongas stated to him that he never treated the defendants but admitted giving them a bill for treatment. Dr. Rongas was deceased at the time of trial.

Dr. Rongas' statement was admitted into evidence under Federal Rule of Evidence 804(b)(3). Rule 804(b)(3) is an exception to the hearsay rule which provides for the admission of statements made against the declarants' penal interest. At trial, this Court felt that the statement was properly admissible because on its face the statement was against Dr. Rongas' penal interest and, Dr. Rongas was unavailable to testify.

In light of recent developments and a further examination of the authorities in this area, this Court concluded after trial that Dr. Rongas' statement was improperly admitted and that, such admission being prejudicial, the defendants were entitled to a new trial. The United States has now petitioned for reconsideration of that Order.

The proper scope of the 804(b)(3) hearsay exception is not a well settled area of the law. Because of its newness the courts and commentators have as yet not had the opportunity to examine its applicability in all possible situations. This has resulted in a split in authority. For example, the United States Court of Appeals for the Ninth Circuit does not recognize the exception at all, *U. S. v. Brandenfels,* 522 F.2d 1259 (9th Cir. 1976). Weinstein and Berger in their commentaries on the Rules of Evidence, Weinstein's Evidence, U.S. Rule 4 at 804–92, argue that use of the exception should be restricted to exculpatory evidence offered by the accused.

■ The position taken by Weinstein and *Berger has much to recommend it.* In fact, in the original draft of 804(b)(3) a provision was included which did make statements used to inculpate a defendant inadmissible. While it is the feeling of this Court that such a blanket exclusion is unwarranted, statements admitted under 804(b)(3) must be carefully scrutinized. A statement which on its face is contrary to the declarant's penal interest and thus disserving to him, may actually be a self-serving statement when examined in the context of the circumstances surrounding the statement. The advisory committee in discussing the applications of 804(b)(3) recognized this possibility and stated:

"Whether a statement is in fact against interest must be determined from the circumstances of each case. Thus a statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest. . . .
On the other hand, the same words, spoken under different circumstances, e.g., to an acquaintance, would have no difficulty in qualifying. The rule does not purport to deal with questions of the right of confrontation."

Whether a declarant's statement was motivated by a desire to curry favor with the authorities is a difficult factor to test. It requires the Court to inquire into the state of mind of the declarant, an inquiry which must be done without the aid of examination of the declarant since by definition he is unavailable.

This inquiry may be easier in some cases than in others; for example, the case of a declarant who is under arrest and offered a lesser sentence if he implicates another. There, one can almost surely say the statement is self-serving. However, when we move away from this situation, the degree of certainty steadily decreases. In the case presently before this Court, the declarant was not under arrest when he made his statement nor do we have any evidence that he was offered a deal in return for his statement. Still, this Court cannot be certain that Dr. Rongas did not make his statement with the hope that it would encourage the authorities to act favorably towards him. It is a common belief that cooperation with the government will tend to ingratiate a person with the authorities more than resistance will. Conceivably, Dr. Rongas might have believed that if he implicated the persons who were the subject of the investigation, defendants Jones and McClendon, the government would be lenient in its attitude toward him for distributing fake bills.

■ It must be pointed out that the circumstances surrounding Dr. Rongas' statement do not prove beyond doubt that he did have a self-serving motive. However, neither can this Court say that the statement was entirely disserving. When this type of situation arises, admission of hearsay evidence cannot rest alone on 804(b)(3). There should, and must be other factors which tend to indicate the trustworthiness of the statement. The risk of undue prejudice to the accused by admitting such evidence is too great to require anything less.

In testing for additional guarantees of trustworthiness we can look to the factors used by the Supreme Court in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) and those put forth in 804(b)(5), the residual exception to the hearsay rule. These factors are, corroborating circumstances, spontaneity and the interests of justice being best served by admission.

██ It is the finding of this Court that none of these factors are present in this case. No corroborating evidence was introduced to show whether or not Dr. Rongas treated either of the defendants. There was at least a one and one-half year period between the alleged treatment and the day Dr. Rongas' statement was taken and Dr. Rongas' recollection of the situation was not clear. He simply stated that he did not remember treating the defendants. Dr. Rongas had no patient records available from which he could make a more definite statement and instead had to rely on some accounts receivable records to support his position. At best, this is a poor substitute for patient records.

Based on these factors it is the opinion of this Court that it was not consistent with the general purposes of the Federal Rules of Evidence and the interests of justice to admit the statement of Dr. Rongas. Therefore, the government's motion for reconsideration is denied and the defendants shall be granted a new trial. Since this Court has already passed sentence in this case and examined the presentence report, under the prevailing law in this circuit it must recuse itself from hearing the new trial.

## CONFRONTATION CLAUSE

The decision not to reconsider the grant of a new trial in this case is solely predicated on the error in admitting Dr. Rongas' statement under the Federal Rules of Evidence. Nonetheless, a few comments are in order as to confrontation clause problems that might arise by admitting this statement.

The confrontation right of a defendant is a murky area of the law at the present time. No strict tests have been laid down by the Supreme Court and it is admitted in the Rules of Evidence that they do not deal with the issue. However, in *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the Supreme Court did put forth some guidelines. The Court stated that:

> "The mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.' *California v. Green,* 399 U.S. [149] at 161, [90 S.Ct. 1930 at 1936] 26 L.Ed.2d [489] at 499." *Dutton v. Evans,* 400 U.S. at 89, 91 S.Ct. at 220, 27 L.Ed.2d at 227.

In *Dutton,* the Court found that no violation of confrontation rights had occurred. Its finding was based on four factors. One, the statement contained no express assertion of past fact. Two, cross-examination could not have shown that the declarant was not in a position to know the truth of his assertion. Three, faulty recollection was not a problem because of the nearness in time of the statement to the incident in question. Four, the trustworthiness of the statement was high because it was against the declarant's penal interest.

None of these truth-assuring factors is present in the case now before this Court. Dr. Rongas' statement did assert that he had not treated the defendants. He did not have sufficient records to put him in a position where he could be certain of the truth of his statement. The statement was made eighteen months after the alleged treatment and, as discussed previously, this Court is not certain that the statement was in reality against his penal interest.

Thus, this Court has grave doubts that even if Dr. Rongas' statement was admissible under the Federal Rules of Evidence it would survive a confrontation clause challenge.

An appropriate Order will issue.